```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

MARIE BREWER,

     Plaintiff,

vs.                                              No. 07-2350-B/V

TECHNICOLOR WAREHOUSE, et al.,

     Defendants.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On May 17, 2007, Plaintiff Marie Brewer filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., along with an application seeking leave to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Technicolor Warehouse ("Technicolor") and Paramount Staffing ("Paramount").

Although the factual allegations in the complaint are not clear, the Court infers that Paramount, a temporary employment agency, assigned Brewer to work at Technicolor. She was allegedly subjected to sexual harassment by her immediate manager. Plaintiff alleges she was not hired on a permanent basis by Technicolor because she refused the sexual advances of her manager.

The complaint alleges that the allegedly discriminatory acts occurred in May and June, 2004. Plaintiff contends that she filed charges of discrimination with the Tennessee Human Rights Commission and with the Equal Employment Opportunity Commission on November 22, 2004, which makes no sense as she also alleges she received a right to sue letter in July, 2004. Attached to the complaint is a copy of a right to sue letter issued on July 26, 2005.

This is the second Title VII complaint filed by Brewer concerning these events. On October 25, 2005, Plaintiff filed a Title VII complaint against Technicolor and Paramount based on the same events alleged in the instant complaint. Brewer v. Technicolor, et al., No. 05-2791-B/V (W.D. Tenn.). The Court issued an order on November 4, 2005 granting leave to proceed in forma pauperis and directing the Clerk to issue process for, and the marshal to effect service on, Defendants. Paramount answered the complaint on January 19, 2006, and Technicolor filed its answer on January 23, 2006.

On October 17, 2006, Paramount filed a motion, pursuant to Fed. R. Civ. P. 37(a), seeking an order to compel Plaintiff to serve her Rule 26(a)(1) initial disclosures and then respond to interrogatories and document requests served on July 21, 2006. Plaintiff did not respond to that motion. On November 14, 2006, Magistrate Judge Diane K. Vescovo granted Paramount's motion to compel and directed Plaintiff to "serve her Rule 26(a)(1) Initial Disclosures, answer Defendant's First Set of Interrogatories to Plaintiff and respond to Defendant's First Request for Production

2

of Documents, Writings or Things to Plaintiff within eleven days of entry of this order." The order further provided that "[t]he plaintiff is warned that, henceforth, failure to comply with proper discovery requests and/or orders of the court may lead to dismissal of the complaint." 11/14/06 Order at 1.

On November 13, 2006, Paramount filed a motion to dismiss due to Plaintiff's failure to participate in discovery or, in the alternative, to extend the discovery deadline. Plaintiff did not comply with the order issued by the magistrate judge on November 14, 2006 and, on November 29, 2006, Paramount renewed its motion to dismiss the complaint as a sanction for that noncompliance. Brewer did not respond to that motion. On December 4, 2006, the Court referred the motion to dismiss to the magistrate judge for a report and recommendation.

On December 5, 2006, Technicolor noticed Plaintiff's deposition for December 22, 2006. She did not appear for her deposition and, on December 29, 2006, Technicolor filed a motion, pursuant to Fed. R. Civ. P. 37(d), seeking a default judgment or, in the alternative, an order dismissing the case for failure to prosecute. Plaintiff did not respond to that motion. On January 4, 2007, the Court referred the motion to dismiss to the magistrate judge for a report and recommendation.

On February 2, 2007, Magistrate Judge Vescovo issued a report and recommendation proposing that the complaint be dismissed without prejudice, pursuant to Fed. R. Civ. P. 37 and 41, for failure to participate in discovery and for failure to prosecute. Plaintiff did not file any objection to the report and

3

recommendation. On March 6, 2007, the Court issued an order adopting the report and recommendation and dismissing the complaint. Judgment was entered on March 8, 2007.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

> (I)    is frivolous or malicious;
>
> (ii)   fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

The instant complaint is not timely. An aggrieved person in a deferral state such as Tennessee must file a formal charge of discrimination with the EEOC or the Tennessee Human Rights Commission within three hundred (300) days of the allegedly discriminatory action, 42 U.S.C. § 2000e-5(e)(1),[1] and must commence a civil action within ninety (90) days of receipt of the right to sue letter, 42 U.S.C. § 2000e-5(f)(1). The Supreme Court has held that the limitations period for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982). That analysis has also been applied to the ninety-day period commencing with receipt of the right to sue letter. <u>Crown, Cork & Seal Co. v.</u>

---

[1] The Supreme Court held in <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110 (2002), that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."

Parker, 462 U.S. 345, 354 (1983). However, equitable tolling is rarely appropriate:

> This circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly. . . . In determining whether the equitable tolling of the EEOC filing period is appropriate in a given case, we have consistently taken into consideration the following five factors:
>
> >   1)   lack of notice of the filing requirement;
> >
> >   2)   lack of constructive knowledge of the filing requirement;
> >
> >   3)   diligence in pursuing one's rights;
> >
> >   4)   absence of prejudice to the defendant; and
> >
> >   5)   the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.
>
> . . . [T]he five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. . . . The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.

Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citations omitted); see Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998) (applying identical analysis to ninety-day limitations period after receipt of right-to-sue notice).

Applying these standards, the Sixth Circuit has consistently rejected the most common arguments made by plaintiffs in favor of equitable tolling. Thus, for example, claims that a pro se plaintiff was ignorant of the legal requirements or incorrectly calculated the applicable time periods are insufficient to justifying tolling:

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline

5

> unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamroq, 79 F. App'x 110, 112 (6th Cir. 2003); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling). Finally, the absence of prejudice to the defendant, standing alone, is insufficient to justify equitable tolling in the absence of an "independent basis for invoking the doctrine." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984) (per curiam).

In this case, Brewer has submitted a copy of a right to sue letter, dated July 26, 2005, yet this lawsuit was not filed until May 17, 2007, more than twenty-one (21) months later. The instant complaint does not provide any explanation for the late filing. The documents presented by Plaintiff in the instant case include a different mailing address than that used in case no. 05-

6

2791, but she does not assert that she did not receive the orders and motions filed in the previous case or that she was unaware of the discovery requests, motions, and orders.[2] Even if Plaintiff moved at some time after filing her previous complaint, the most basic responsibility of a litigant is to keep the Court and the other parties informed of her whereabouts. Her change of address provides no basis for equitable tolling.

The fact that the previous dismissal may have been without prejudice also provides no basis for equitable tolling. Nothing in the magistrate judge's report and recommendation, which recommended that the case be dismissed without prejudice, absolved Plaintiff from other prerequisites to a valid suit, including the ninety-day statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1). Moreover, even if Plaintiff did misunderstand the legal import of the dismissal without prejudice of her previous lawsuit, that legal error does not justify equitable tolling. Cf. Bowles v. Russell, No. 06-5306, 2007 WL 1702870 (U.S. June 14, 2007) (defendant's reliance on district court order extending time for filing notice of appeal beyond that authorized by statute does not preclude dismissal of appeal as untimely). Moreover, Plaintiff was not prejudiced by any language in the report and recommendation or by the failure to use the words "with prejudice" in the order adopting the report and recommendation and in the judgment as, by the time those documents were issued and entered, the time for

---

[2] The docket in case no. 05-2791 indicates that Plaintiff's copies of the dismissal order and judgment were returned as undeliverable. The fact that Plaintiff has submitted a second Title VII complaint suggests that she is now aware that her previous lawsuit was dismissed.

filing a timely Title VII complaint had long since expired. The "without prejudice" language in the report and recommendation provides no basis for equitable tolling.

Accordingly, the Court DISMISSES the case, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same

8

considerations that lead the Court to dismiss the complaint for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 26th day of June, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE